## Smith et ux. v. Lowellville Savings and Banking Co. et al.

*William McElwee, Jr.*, for plaintiffs.

*Jamison & Jamison*, for defendant.

*Maurice Levinson*, for terre-tenants.

LAMOREE, J., June 7, 1950.—This matter is now before the court on plaintiffs' preliminary objections to the answer of the Lowellville Savings and Banking Company and on plaintiff's motion for judgment pro confesso. The matter was before us earlier on defendants' preliminary objections to the bill of complaint filed by plaintiffs.

It is necessary here to repeat the summarization of facts which are set forth in an opinion and order of court filed on January 8, 1950, wherein the preliminary objections filed by defendants to the complaint were dismissed. The facts as stated in that opinion are as follows:

Plaintiffs allege in the bill of complaint that they were the owners in fee of the lands in question prior to October 12, 1946, on which date they entered into articles of agreement with Ada E. Manewal and Comus R. Manewal, to sell the lands to the Manewals for the sum of $25,000 upon certain conditions to be performed by the Manewals. No deed was to be executed and delivered by plaintiffs until the full sum of $25,000 had been paid to plaintiffs by the Manewals and from the pleadings it appears that that sum never has been paid and no deed was ever made, executed or delivered by the Smiths to the Manewals. On July 15, 1949, the Manewals being in default in the covenants set forth in the articles of agreement for the sale of the property, plaintiffs, through their attorney, confessed judgment on the warrant of attorney contained in the agreement against the Manewals for the sum of $22,-263, with interest thereon at the rate of two percent per annum from January 1, 1949. On July 15, 1949, plaintiffs' attorney filed a præcipe in the office of the prothonotary, directing the issuing of a writ of fieri facias in the judgment to collect debt, interest, attorney's commission and costs, the same being returnable to the first Monday of August 1949. On July 19, 1949, the sheriff made a levy upon all the personal property found on the premises and on July 22, 1949, it was agreed between plaintiffs and the Manewals that the case between them be settled by the Manewals making and delivering to the Smiths a quitclaim deed for the real estate and making a bill of sale to the Smiths for all the chattels, tools, equipment and other personal property on the premises. The quit claim deed

recited that "the intent and purpose of the within quit-claim deed is to convey all the right, interest and title of the said Ada E. Manewal and Comus R. Manewal, her husband, in the within described premises that was granted to the said Ada E. Manewal and Comus R. Manewal by an article of agreement dated October 12, 1946, with the said Harry C. Smith and Nevada H. Smith, his wife". This quitclaim deed was recorded in the office of the Recorder of Deeds of Lawrence County in Deed Book, vol. 357, page 382.

At March term, 1947, no. 16, D. S. B., the Lowell-ville Savings and Banking Company filed a judgment against Ada E. Manewal and Comus R. Manewal and in the writ of execution at September term, 1949, no. 48, named plaintiffs herein, Harry C. Smith and Nevada H. Smith, his wife, as terre tenants.

As the result of the writ of fieri facias at September term, 1949, no. 48, issued at the direction of the Lowell-ville Savings and Banking Company, the Sheriff of Lawrence County levied upon and advertised for sale the lands in question. Plaintiffs then filed a bill of complaint to preliminarily restrain the Lowellville Savings and Banking Company and the Sheriff of Lawrence County from proceeding with the sale. The preliminary objections filed to the bill by the Lowell-ville Savings and Banking Company were dismissed by the court on January 18, 1950, and defendants were directed to file an answer to the bill of complaint within 15 days from the date of the order. The Lowellville Savings and Banking Company filed an answer to the bill of complaint but Ada E. Manewal and Comus R. Manewal failed to file any answer to plaintiffs' bill of complaint.

Plaintiffs' preliminary objections to defendants' (the Lowellville Savings and Banking Company) answer bring the following questions before the court, namely: (1) Did the judgment filed by the Lowellville

Savings and Banking Company against Ada E. Manewal and Comus R. Manewal, thereby become a lien against any interest the Manewals may have had in the property in question at the time the judgment was filed? (2) Were plaintiffs, Harry C. Smith and Nevada Smith, his wife, properly joined as terre tenants by the Lowellville Savings and Banking Company? (3) What, if any, was the interest which the Manewals had in the lands in question at the time the judgment was filed by the Lowellville Savings and Banking Company against them?

We are satisfied that in Pennsylvania a judgment debtor's equitable interest in real property arising by virtue of an executory contract of purchase thereof is subject to the lien of a judgment rendered against him. In Carkhuff v. Anderson, 3 Binney 3, our Supreme Court stated the following:

"The lien of judgments has been extended in Pennsylvania beyond the limits of the common law. In England, a judgment is not a lien on an equitable estate.". . . In Pennsylvania "it has been long settled that a judgment is a lien on every kind of equitable interest in land. It is a lien on every kind of right, vested in the debtor at the time of the judgment; and on the vend. exp., the sheriff sells and conveys all his right, such as it may be".

In Richter v. Selin, 8 S. & R. 425, our Supreme Court there stated (p. 440):

"In this State, a judgment binds every equitable interest which the debtor has at the time of judgment. Here, the debtor had an interest under his contract, under the written articles; and equity looks upon things agreed to be done, as actually performed. Consequently, when a contract is made for the sale of land, equity considers the vendee as the purchaser of the estate sold, and the purchaser as a trustee for the vendor, for the purchase money."

Whatever interest the Manewals had in the lands here involved at the time the Lowellville Savings and Banking Company filed its judgment against them, the lien of that judgment attached to their interest in the land. We are of the opinion that plaintiffs here, Harry C. Smith and Nevada H. Smith, his wife, were properly joined as terre-tenants by the Lowellville Savings and Banking Company. The agreement dated October 12, 1946, between plaintiffs herein named and defendants, Ada E. Manewal and Comus R. Manewal, her husband, for the purchase of the lands involved, was still in effect at the time the Lowellville Savings and Banking Company filed its judgment against the Manewals at March term, 1948, no. 16, D. S. B. Whatever their interest was at that time became subject to the lien of the judgment and that lien was not extinguished by the quitclaim deed executed by the Manewals to plaintiffs herein on July 22, 1949. It would therefore appear that the plaintiffs, Harry C. Smith and Nevada H. Smith, his wife, were properly named as terre-tenants.

The interest which the Manewals acquired in the lands by virtue of the article of agreement of October 12, 1946, was at least an equitable interest in the lands, but the extent of that equitable interest at the time the Lowellville Savings and Banking Company filed its judgment against the Manewals is a question of fact which can only be determined after a hearing held to determine that fact.

Accordingly, we are entering the following

### Order

Now, June 7, 1950, plaintiff's preliminary objections filed to the answer of the Lowellville Savings and Banking Company are overruled and dismissed. The prothonotary is directed to enter judgment pro confesso in favor of plaintiffs and against Ada E. Manewal and Comus R. Manewal for their failure to file an answer.